| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK** | **CIVIL CONFERENCE**<br>**MINUTE ORDER** |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON<br>U.S. MAGISTRATE JUDGE | DATE:<br>TIME: | 1-15-2015<br>2:08 p.m. (1 hr 35 minutes) |

*Jenkins v. Portfolio Recovery Associates, L.L.C.,*
**CV 14-3532 (SJF) (AKT)**

TYPE OF CONFERENCE:        **DISCOVERY STATUS CONFERENCE**

APPEARANCES:    Plaintiff    Jarrett R. Jenkins, Pro Se

                 Defendant   Jonathan D. Elliot

FTR:    2:08-2:33 and 3:35-4:45

SCHEDULING:

The next conference will be held by telephone on March 26, 2015 at 11:00 a.m.

THE FOLLOWING RULINGS WERE MADE:

For the reasons stated on the record during today's conference, the Court made the following rulings with respect to the discovery disputes raised in the parties' respective motions:

1. **Defendant's Letter Motion for Extension of Time to Complete Discovery** [DE 30]: The Court confirmed on the record that Plaintiff does not object to Defendant's request for a 60-day extension of the deadline to complete discovery. Defendant's motion is hereby **GRANTED** and the deadline to complete discovery is extended to the end of March.

2. **Defendant's Letter Motion to Compel** [DE 29]: Defendant's motion to compel is **GRANTED in part and DENIED in part** to the extent set forth below.

    a.  Defendant's Interrogatory No. 1: Defendant's motion to compel is DENIED with respect to this request. Defendant's counsel confirmed on the record that his client is already in possession of the credit card account number that relates to the disputed debt at issue in this case. The Court will not require Plaintiff to produce information from other actions he has filed.

    b.  Defendant's Interrogatory No. 3: Defendant's motion to compel is DENIED with respect to this request. Defendant may inquire about Plaintiff's employment history during his deposition.

    c.  Defendant's Request for Production No. 1: Defendant's motion to compel is DENIED with respect to this request to the extent that it seeks information about credit card accounts that are not at issue in this case. Plaintiff is only required to turn over correspondence related to the credit card account at issue in this case.

    d.  Defendant's Request for Production No. 2: Defendant's motion to compel is

        GRANTED with respect to this request. Defendant is entitled to any documents Plaintiff may have that support his claim of actual damages. The Court directs Plaintiff to write to the company to get another copy of his credit card application that was allegedly denied because of his credit history and provide the materials to Defendant.

3. **Plaintiff's Letter Motion to Compel** [DE 26]: Plaintiff's motion to compel is **GRANTED in part and DENIED in part** to the extent set forth below.[1]

   a. <u>Plaintiff's Interrogatories Nos. 1, 2, 3, 4, & 8</u>: Defendant's counsel confirmed on the record that, as stated in his opposition to Plaintiff's motion, Defendant has agreed to supplement its responses to these interrogatories. Accordingly, Plaintiff's motion to compel is DEEMED MOOT with respect to these interrogatories. Defendant's counsel has 10 days to supplement its responses and provide them to Plaintiff.

   b. <u>Plaintiff's Interrogatory No. 5</u>: The Court is deferring all discovery relating to Plaintiff's claim for punitive damages for the reasons stated on the record today.

   c. <u>Plaintiff's Interrogatory No. 6</u>: Plaintiff's motion to compel is GRANTED with respect to this request to the extent that Defendant's counsel is directed to produce the load data from his client.

   d. <u>Plaintiff's Interrogatory No. 7</u>: The Court is deferring all discovery relating to Plaintiff's claim for punitive damages for the reasons stated on the record today.

   e. <u>Plaintiff's Interrogatory No. 9</u>: Plaintiff's motion to compel is DENIED with respect to this request.

   f. <u>Plaintiff's Interrogatory No. 10</u>: Plaintiff's motion to compel is DENIED with respect to this request. The information Plaintiff seeks should be in possession of the original creditor, HSBC. Plaintiff has served a subpoena on HSBC and is still awaiting a response. The Court directs that, once Plaintiff receives a response from HSBC, he is to review it to determine if this information has been provided. If HSBC does not supply the requested information or if Plaintiff is not satisfied with its response, Plaintiff must first attempt to resolve the matter with HSBC. If he is unable to do so, he may proceed with a motion to enforce the subpoena.

   g. <u>Plaintiff's Interrogatory No. 11</u>: Plaintiff's motion to compel is DENIED with respect to this request for the reasons stated for Plaintiff's Interrogatory # 10.

   h. <u>Plaintiff's Interrogatory No. 12</u>: Plaintiff's motion to compel is DENIED with respect to this request for the reasons stated for Plaintiff's Interrogatory # 10.

   i. <u>Plaintiff's Request for Production No. 1</u>: Plaintiff's motion to compel is GRANTED with respect to this request. The Court directs Defendant's counsel to confer with his client and determine if they use any manuals to train employees on the procedural

---

[1] As noted on the record during conference, some of the interrogatories and documents requests raised in Plaintiff's motion to compel were inadvertently misnumbered in that motion. For the sake of clarity, the Court is keying its rulings in this Order to the numbering as it appears in Plaintiff's motion to compel.

    aspects of the handling of new accounts.  To the extent such manuals exist, Defendant must produce the relevant portions.  Moreover, Defendant must turn over any procedural information that relates to Plaintiff's account.  Defendant's counsel stated during the conference that the load data he has been directed to produce may include such information.

j.    <u>Plaintiff's Request for Production No. 2</u>: Plaintiff's motion to compel is GRANTED with respect to this request.  The Court is directing Defendant's counsel to confer with his client as to Plaintiff's request for the monthly transmissions Defendant allegedly provided to the credit reporting agencies regarding his account.  Defendant must provide a sworn affidavit from a person with first-hand knowledge of these monthly transmissions explaining Defendant's retention policy as to these transmissions, the manner in which the transmissions are overwritten, and how often.  The affidavit must also set forth when the overwriting stopped after this litigation was commenced.  Defendant's counsel has until February 6, 2015 to produce this affidavit to Plaintiff.  Defendant's counsel must provide a copy of the affidavit to the Court as well.

k.    <u>Plaintiff's Request for Production No. 3</u>: Plaintiff's motion to compel is GRANTED with respect to this request to the extent that the Court is directing Defendant to supplement its response by providing an affidavit setting forth what Defendant's counsel stated on the record during conference, *i.e.*, that the "chain of assignment" Plaintiff has requested does not exist.

l.    <u>Plaintiff's Request for Production No. 4</u>: Plaintiff's motion to compel is GRANTED with respect to this request.  The Court directs Defendant's counsel to confer with his client and determine what procedures it uses to investigate, reinvestigate, or otherwise handle credit disputes by consumers.  To the extent Defendant's procedures have been memorialized in manuals or other documents, Defendant must produce the relevant portions.  If no such manual or document exists, the Court directs Defendant to produce an affidavit from a person with first-hand knowledge of how Defendant handles credit disputes that explains the procedures.  Defendant's counsel has until February 6, 2015 to produce this affidavit.

m.    <u>Plaintiff's Request for Production No. 5</u>: Plaintiff's motion to compel is DENIED with respect to this request.  The documents Plaintiff seeks should be in possession of the original creditor, HSBC. Plaintiff has served a subpoena on HSBC and is still awaiting a response.  The Court directs that, once Plaintiff receives a response from HSBC, he is to review it to determine if these documents have been provided. If HSBC does not supply the requested document or if Plaintiff is not satisfied with its response, Plaintiff must first attempt to resolve the matter with HSBC.  If he is unable to do so, he may proceed with a motion to enforce the subpoena.

n.    <u>Plaintiff's Request for Production No. 6</u>: Plaintiff's motion to compel is GRANTED with respect to this request to the extent that the Court is directing Defendant's counsel to produce an affidavit from his client stating that it does not have a "general ledger accounting" related to Plaintiff's account and explaining why in one or two sentences.  Defendant's counsel has until February 6, 2015 to produce an affidavit with this information.

o.    <u>Plaintiff's Request for Production No. 7</u>: Plaintiff's motion to compel is DENIED with

        respect to this request. If he wishes, Plaintiff may explore this issue at the deposition(s) of defendant's Rule 30(b)(6) witness(es).

      p.    <u>Plaintiff's Request for Production No. 8</u>: Plaintiff's motion to compel is GRANTED with respect to this request to the extent that the Court is directing Defendant's counsel to produce an affidavit from his client stating that it does not have a "journal entry" related to Plaintiff's account and explaining why in one or two sentences. Defendant's counsel has until February 6, 2015 to produce an affidavit with this information.

      q.    <u>Plaintiff's Request for Production No. 9</u>: Plaintiff's motion to compel is GRANTED with respect to this request. The Court is directing Defendant's counsel to confer with his client and find out if Defendant has knowledge of the "Metro II Manual" and whether Defendant can access that manual. If this manual was in existence at the time Plaintiff's account was being handled, and if Defendant had access to the manual, and if the manual contains information, instructions, or guidance as to how to update an account, then Defendant must produce the manual to Plaintiff. If Defendant has no knowledge of and/or had no access to the manual during the relevant period, Defendant's counsel must provide an affidavit from a representative of the company that has first-hand knowledge stating as much by February 6, 2015.

      r.    <u>Plaintiff's Request for Production No. 10</u>: Plaintiff's motion to compel is DENIED with respect to this request. The documents Plaintiff seeks should be in possession of the original creditor, HSBC. Moreover, the Court declines to compel Defendant to produce the entire contents of the purchase agreement, which Defendant's counsel represented relates to many other accounts besides Plaintiff's.

      s.    <u>Plaintiff's Request for Production No. 11</u>: Plaintiff's motion to compel is DENIED with respect to this request. Defendant's counsel represented that Defendant has produced all documents in its possession that are responsive to this request. If he wishes, Plaintiff may further explore this issue during depositions.

4.    Counsel confirmed that Defendant will take Plaintiff's deposition. Plaintiff plans to depose a compliance officer or other Rule 30(b)(6) representative of Defendant and possibly a non-party witness from HSBC. The Court urged Plaintiff to serve his subpoena on HSBC as soon as possible since it will need, at a minimum, 14 days advance notice of the deposition. The Court also reminded Plaintiff that he must attach a notice to the Rule 30(b)(6) motion advising Defendant of the specific topics that will be covered at the deposition. Defendants must conclude Plaintiff's deposition by February 25, 2015 and Plaintiff must conclude his depositions by the end of March.

5.    The parties indicated that they have a scheduled appearance before Judge Feuerstein in this case on April 14, 2015. The Court advised the parties that, if they intend to engage in summary judgment motion practice, they must provide Judge Feuerstein with a proposed briefing schedule before they see her on April 14, 2015. Moreover, both parties are cautioned that their opening papers, Rule 56.1 Statement, and memorandum of law must be served before they meet with Judge Feuerstein.

6.    The Court is setting this case down for a telephone conference on March 26, 2015 at 11:00 a.m. to ensure that paper discovery has been completed and to check on the progress of depositions.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge